UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO.

CHRISTIAN SCHWENK, )
)
    Plaintiff, )
)
vs. )
) VERIFIED COMPLAINT
AUBURN SPORTSPLEX, LLC, )
DENNIS NATOLI, JOHN NATOLI, ) 05-40071 FDS
PETER NATOLI, )
)
    Defendants. )
_____ )

### Introduction

Plaintiff, an investor in a business formed as a limited liability company, brings this civil action seeking an order from this Court that defendants be compelled to produce all books and records related to the operation of Auburn Sportsplex, LLC.; that a receiver be appointed and an accounting conducted; that the defendants be restrained from disposing, or encumbering any assets related to the business; and that the Court grant such other relief as is appropriate under the circumstances.

### Parties and Jurisdiction

1. Plaintiff Christian Schwenk ("Plaintiff") is a natural person with a permanent residence at 1015 Olive Tree Circle, West Palm Beach, Florida 33413.

RECEIPT # 404563
AMOUNT $ 250.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. S Jones
DATE 5/11/05

2. Upon information and belief, Defendant Auburn Sportsplex, LLC. ("ASP") is a limited liability company organized under the laws of the Commonwealth of Massachusetts on or about July 12, 2002.

3. Upon information and belief, the principal offices of ASP are located at 5 St. Mark Street, Auburn, MA 01501.

4. Upon information and belief, Defendant Dennis Natoli, a natural person, has a permanent residence at 370 South Street, Auburn MA 01501.

5. Upon information and belief, Defendant John Natoli, a natural person, has a permanent residence at 13 Gilbert Way, Millbury MA 01527.

6. Defendant Peter Natoli is a natural person with a permanent residence at 406 Treasure Island, Webster, MA 01570.

7. The Certificate of Organization filed with the Massachusetts' Secretary of State's Office on or about July 12, 2002 named Defendant Peter Natoli as the sole manager of the LLC; and as the resident agent for purposes of service of process.

8. Upon information and belief, there has been no filing made with the Secretary of State's office subsequent to July 12, 2002 in connection with the management or operation of ASP.

## Count I: Production of Records

9. According to Paragraph 4 of the ASP's Certificate of Organization, "[t]he general character of the business of the LLC is to engage in: investment in, and ownership and development of, real estate and interests therein, including buying, acquiring, owning, operating, selling, financing,

refinancing, disposing of and otherwise dealing with interests in real estate, either directly or indirectly through joint ventures, partnerships or other entities; and to engage in any activities directly or indirectly related or incidental thereto."

10. Upon information and belief, at no time relevant to the herein action has there been a written operating agreement in effect relating to ASP;

11. On or about June 23, 2003, Plaintiff received a package of information from Defendants concerning an investment opportunity in a sports facility located in Auburn, Massachusetts. Said information included, among other things, an undated letter on ASP letterhead signed by Defendant John Natoli which contained the following statement: "This investment is protected by real estate and it should give you a return from 18% to 30%."

12. In reliance on the various written and oral representations made by Defendants Peter Natoli and John Natoli, on or about July 21, 2003, Plaintiff wire transferred $100,000 to ASP's account; said funds to be used for the operation of a sports facility in Auburn, Massachusetts.

13. On or about August 20, 2003, Plaintiff executed a document entitled "Ownership Purchase Agreement" (hereinafter "the Agreement"). The Agreement was also signed by Defendants John V. Natoli, Peter Natoli and Dennis Natoli. Said signing occurred in Auburn, Massachusetts.

14. The Agreement referred to in the preceding paragraph stated, among other things, "the Seller shall sell to the Purchaser this document that certifies investment ownership of Five percent of Corporation in consideration of

the purchase price set forth in this Agreement. This certificate representing ownership of Five Percent of all Assets, Net Profits and any Beneficial entities of the Corporation, shall be duly endorsed and accompanied by appropriate signatures of transfer powers duly executed in blank . . . . "

15. In a letter dated April 16, 2004 and sent postage prepaid, certified, to Defendants Peter Natoli and John Natoli, Plaintiff asked the aforementioned Defendants for information regarding, *inter alia*, the operation of ASP.

16. Upon information and belief, the correspondence identified in the preceding paragraph was received by the named Defendants.

17. In a letter dated August 19, 2004 and sent postage prepaid, certified, to Defendant Peter Natoli, Plaintiff, through the undersigned counsel, made a reasonable request for access to pertinent records and documentation concerning the operation and the financial condition of ASP.

18. Upon information and belief, the correspondence identified in the preceding paragraph was received by the named Defendant.

19. But for one document related to 2003 taxes concerning ASP, Plaintiff has been denied access to the standard business documents of the type referred to in Section 9 of the Massachusetts Limited Liability Company Act, M.G.L. c. 156C.

20. Defendants' refusal to provide Plaintiff with access to ASP's business records of the LLC is in violation of M.G.L. c.159, Section 9.

21. There is no adequate remedy at law for the Defendants' continued failure to provide Plaintiff with access to ASP's business records.

### Count II: Appointment of Receiver & Accounting

22. Plaintiff restates and incorporates herein the allegations set forth in paragraphs 1-21, above.

23. Upon information and belief, defendants have been engaged in conduct which tends to prejudicially affect the business purposes and standing of ASP.

24. Defendants have wrongfully excluded and continue to wrongfully exclude plaintiff from participating in the management of ASP.

25. Upon information and belief, defendants have, or are currently, engaged in discussions with a third party or parties concerning the sale of certain assets of ASP.

26. There is no adequate remedy at law to adequately redress damages plaintiff has incurred as a result of defendants' actions and/or omissions.

WHEREFORE, Plaintiff, Christian Schwenk, demands:

1. That a receiver be appointed, under suitable bond, to assume control and management of ASP, its business and its assets and to manage the business pending the resolution of this case;

2. That a full and complete accounting be had between the parties and their respective interests;

3. That defendants be compelled to provide plaintiff and/or any agent(s) designated by plaintiff access to all relevant business records maintained by

ASP, any agent, employee, accountant, attorney and/or consultant thereto;

4. That defendants, its agent(s), employee(s), accountant, attorney and/or consultant thereto, be restrained, permanently and pending this action, from participating in or interfering with the management of ASP and any enterprise related thereto, and from selling, disposing, or encumbering any of the assets belonging to or used in connection with ASP;

5. That the defendants be ordered to pay to the plaintiff the costs of this suit and counsel fees, together with interest, and that defendants further be ordered to bear all costs of the receivership, including, without limitation, all costs of the accounting, such accounting to be conducted under the direction of the receiver; and

6. And for such other and further relief to plaintiff as this Court deems just and equitable.

Plaintiff, CHRISTIAN SCHWENK
By his attorneys,

*/s/ Paul E. Linet*

Paul E. Linet, Esq.
BBO#: 300820
LAW OFFICES OF PAUL E. LINET, P.C.
Post Office Box 533
Acton MA 01720
(978) 264-9600

*/s/ Douglas L. Fox*

Douglas L. Fox, Esq.
BBO# 176380
SHUMWAY, GIGUERE & FOX, PC
19 Cedar Street

Worcester MA 01609
(508) 756-2323

Dated: 5/6/05

## VERIFICATION

The undersigned, being duly sworn, hereby states, under penalties of perjury, that the allegations contained in the foregoing complaint are true and correct to the best of my knowledge and belief.

_____
Christian Schwenk

NILESH PARIKH
MY COMMISSION # DD 186174
EXPIRES: February 20, 2007
Bonded Thru Notary Public Underwriters

Nilesh K. Parikh
05/06/05

JS 44 (Rev. 11/04)                    **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Christian Schwenk

### DEFENDANTS
Auburn Sportsplex, LLC, Dennis Natoli, John Natoli, Peter Natoli

(b) County of Residence of First Listed Plaintiff  **Palm Beach  FL**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Worcester**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Paul E. Linet, Law Offices of Paul E. Linet, P.C. P.O. 533 Acton MA 01720 *

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**28 U.S.C. §1332**
Brief description of cause:
**Application for access to financial records of LLC**(cont.)

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 5/11/05    SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**05-40071**

CIVIL COVER SHEET
CONTINUATION PAGE     SCHWENK V. AUBURN SPORTSPLEX, LLC ET AL.

I. (c)   Plaintiff's Attorneys

    Paul E. Linet
    Law Offices of Paul E. Linet, P.C.
    Post Office Box 533
    Acton MA 01720
    (978) 264-9600

    Douglas L. Fox
    Shumway, Giguere & Fox
    19 Cedar Street
    Worcester MA 01609
    (508) 756-2323

VI.   Application for access to financial and business records of LLC pursuant to MGL Chapter 156C, Section 9.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**05 - 40071 FDS**

1. Title of case (name of first party on each side only)  __Schwenk v. Auburn Sportsplex, LLC__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☐     Central Division ☒     Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐     Central Division ☐     Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ___Paul E. Linet___         ___Douglas L. Fox___
ADDRESS ___P.O. Box 533 Acton MA 01720___   ___19 Cedar St. Worcester MA 01609___
TELEPHONE NO. ___978-264-9600___            ___508-756-2323___

(CategoryForm.wpd -5/2/05)