UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

Civil Action No. 05-40071-FDS 

CHRISTIAN SCHWENK
    Plaintiff,

v.

AUBURN SPORTSPLEX, LLC,
DENNIS NATOLI, JOHN NATOLI,
AND PETER NATOLI,
    Defendants

### ANSWER OF DEFENDANTS AUBURN SPORTSPLEX, LLC, DENNIS NATOLI, JOHN NATOLI AND PETER NATOLI

Auburn Sportsplex, LLC, Dennis Natoli, John Natoli, and Peter Natoli (hereinafter collectively "Defendants") respond to the corresponding numbered paragraphs of Christian Schwenk's (the "Plaintiff") Verified Complaint as follows:

1. Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Verified Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Verified Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Verified Complaint.

4. Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Verified Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Verified Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Verified Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Verified Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Verified Complaint.

## Count I: Production of Records

9. Defendants submit that the document speaks for itself. Therefore, no responsive pleading is required.

10. Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Verified Complaint.

11. Defendants admit to having sent to Plaintiff a package containing information about a sports facility at Plaintiff's request. Defendants further state that the documents speak for themselves, therefore, no responsive pleading is required.

12. Defendants admit that Plaintiff transferred $100,000 to ASP's account. Defendants deny the remaining allegations contained in Paragraph 11 of Plaintiff's Verified Complaint.

13. Defendants admit the allegations contained in Paragraph 13 of Plaintiff's Verified Complaint.

14. Defendants submit that the document speaks for itself, therefore, no responsive pleading is required.

15. Defendants admit to having received a letter dated April 16, 2004 from Plaintiff. As for the remaining allegations contained in Paragraph 15, Defendants submit that the document speaks for itself, therefore, no responsive pleading is required concerning the letter's content.

16. Defendants admit to having received a letter dated April 16, 2004 from Plaintiff's representative.

17. Defendants admit to having received a letter dated April 19, 2004 from Plaintiff's representative. Defendants deny the remaining allegations contained in Paragraph 17 of Plaintiff's Verified Complaint.

18. Defendants admit to having received a letter dated April 19, 2004 from Plaintiff's representative.

19. Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Verified Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Verified Complaint.

21. Paragraph 21 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

### Count II: Appointment of Receiver & Accounting

22. Defendants reassert and incorporate by reference their answers contained in the preceding paragraphs 1 through 21.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Verified Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Verified Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Verified Complaint.

26. Paragraph 26 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

The Plaintiff did not commence this action within the time prescribed by the applicable statute of limitations.

### Third Defense

Plaintiff consented and/or acquiesced to the acts of the shareholders.

### Fourth Defense

Plaintiff has had access to all requested and relevant documents. The Defendants are ready and willing to provide Plaintiff with all relevant documents.

### Fifth Defense

This Court lacks subject matter jurisdiction.

### Sixth Defense

Plaintiff's Complaint is barred by estoppel.

**Seventh Defense**

Plaintiff's Complaint is barred by ratification.

The Defendants demand a trial by jury on all counts so triable.

                                          Auburn Sportsplex, LLC
                                          Dennis Natoli, John Natoli,
                                          and Peter Natoli
                                          by their attorneys,

                                          _____
                                          William J. Ritter, Esquire
                                          BBO #552397
                                          Natañia M. Davis, Esquire
                                          BBO # 651838
                                          Pojani Hurley Ritter & Salvidio, LLP
                                          446 Main Street
                                          Worcester, MA 01608
                                          Phone:  508.798.2480

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2005, I served a copy of the within Answer of Defendants Auburn Sportsplex, LLC, Dennis Natoli, John Natoli and Peter Natoli by mailing same postage prepaid upon:

Paul E. Linet, Esquire
Law Offices of Paul E. Linet, P.C.
PO Box 533
Acton, MA  01720

Douglas L. Fox, Esquire
Shumway, Giguere & Fox, P.C.
19 Cedar Street
Worcester, MA  01609

                                          _____
                                          William J. Ritter, Esquire
                                          Natañia M. Davis, Esquire