UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

Civil Action No. 05-40071-FDS

CHRISTIAN SCHWENK
    Plaintiff,

v.

AUBURN SPORTSPLEX, LLC,
DENNIS NATOLI, JOHN NATOLI,
AND PETER NATOLI,
    Defendants

### DEFENDANTS' AUBURN SPORTSPLEX, LLC, DENNIS NATOLI, JOHN NATOLI AND PETER NATOLI MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF JURISICTION

Defendants Auburn Sportsplex, LLC, Dennis Natoli, John Natoli, and Peter Natoli (collectively "Defendants") hereby move to have Plaintiff's Complaint dismissed for lack of jurisdiction. The Court lacks subject matter jurisdiction to hear this case because the amount in controversy does not exceed $75,000.00.

### NATURE OF THE PROCEEDINGS

On May 6, 2005, Plaintiff filed a complaint against the Defendants in the United States District Court, District of Massachusetts Central Division ("Complaint") essentially alleging two claims for equitable relief. Count I of the Complaint is for the "Production of Documents." Count II of the Complaint requests the appointment of a receiver and accounting. Likewise, Plaintiff's prayers for relief simply requests that the Court appoint a receiver, require a full and complete accounting from the Defendants, compel Plaintiff's access to all relevant business records of the Defendants and restrain Defendants from disposing or encumbering any assets related to the business, Auburn Sportsplex, LLC. The only request for monetary relief contained in Plaintiff's Complaint is for the costs of the suit and counsel fees.

## THE MATTERS IN CONTROVERSY, AS ALLEGED IN PLAINTIFF'S COMPLAINT, DO NOT EXCEED THE SUM OR VALUE OF $75,000

Actions brought in a federal court under the diversity statute must meet the jurisdictional amount requirement. The matter in controversy must be in excess of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. Although the amount is typically determined from the plaintiff's point of view, here, the Plaintiff makes absolutely no claim for monies outside of his demand for costs and attorney fees, which is also not alleged to amount to $75,000.00. Thus, it is clear to a legal certainty that Plaintiff cannot recover $75,000.00 from its current suit.

Conspicuously absent from Plaintiff's Complaint is a statement of the basis by which this Court may properly exercise of jurisdiction over this case. Rule 8 of the Federal Rules of Civil Procedure requires that all claims for relief "shall contain ... a short and plain statement of the grounds upon which the court's jurisdiction depends."

## CONCLUSION

It is clear to a legal certainty that Plaintiff has not and cannot meet the requirements of the diversity statute in order to properly confer jurisdiction upon this Court. For the foregoing reasons, Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction.

Auburn Sportsplex, LLC
Dennis Natoli, John Natoli,
and Peter Natoli
by their attorneys,

William J. Ritter, Esquire
BBO# 552397
Natañia M. Soto
BBO# 651838
Pojani Hurley Ritter & Salvidio, LLP
446 Main Street
Worcester, MA 01608
Phone: 508.798.2480

## Certification of Local R. 7.1(A)(2)

I hereby certify that pursuant to Local R. § 7.1(A)(2), I have conferred with opposing counsel, Paul E. Linet, Esquire and Douglas L. Fox, Esq. in good faith to resolve and/or narrow the issues.

## CERTIFICATE OF SERVICE

I hereby certify that on November _/_, 2005, I served a copy of the within Defendants' Auburn Sportsplex, LLC, Dennis Natoli, John Natoli and Peter Natoli Motion to Dismiss Plaintiff's Complaint for Lack of Jurisdiction by mailing same postage prepaid upon:

Paul E. Linet, Esquire
Law Offices of Paul E. Linet, P.C.
PO Box 533
Acton, MA 01720

Douglas L. Fox, Esquire
Shumway, Giguere & Fox, P.C.
19 Cedar Street
Worcester, MA 01609

William J. Ritter, Esquire