UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

Civil Action No. 05-40071-FDS

CHRISTIAN SCHWENK
    Plaintiff,

v.

AUBURN SPORTSPLEX, LLC,
DENNIS NATOLI, JOHN NATOLI,
AND PETER NATOLI,
    Defendants

### DEFENDANT'S AUBURN SPORTSPLEX, LLC, DENNIS NATOLI, JOHN NATOLI AND PETER NATOLI ASSENTED TO MOTION TO AMEND ANSWER TO PARAGRAPH 13 OF THE COMPLAINT

Pursuant to FED. R. CIV. P. Rule 15(a), the Defendants Auburn Sportsplex, LLC, Dennis Natoli, John Natoli and Peter Natoli (collectively "Defendants") hereby move to amend their answer to Paragraph 13 of Plaintiff's Complaint. In support of this motion, Defendants state as follows:

1. On May 6, 2005, Plaintiff filed civil action no. 05-40071FDS against the Defendants ("Complaint").

2. Paragraph 13 of the Complaint contained the following averment:

   On or about August 20, 2003, Plaintiff executed a document entitled "Ownership Purchase Agreement" (hereinafter "the Agreement"). The Agreement was also signed by Defendants John V. Natoli, Peter Natoli and Dennis Natoli. Said signing occurred in Auburn, Massachusetts.

3. The Defendants mistakenly admitted to date and location that the Plaintiff alleged to have executed a document. Defendant simply seeks to amend the answer to deny the date and location of Plaintiff's signature. Accordingly, the Defendants seek to amend their answer as follows:

   Defendants admit that Plaintiff executed a document entitled "Ownership Purchase Agreement". Defendants further admit that John V. Natoli, Peter Natoli

and Dennis Natoli also signed an Agreement. Defendants deny the remaining allegations contained in Paragraph 13 of Plaintiff's Verified Complaint and deny that certain handwritten changes to the Agreement were agreed to by the Defendants.

4. As of the date of the filing of this motion, no party to this action has commenced any discovery.

5. "[A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. Rule 15.

6. Plaintiff is in no way prejudiced by the above requested amendment and this motion is well within the Scheduling Order regarding the period to amend pleadings.

Accordingly, Defendants request that this Motion be allowed and the attached First Amended Answer of Defendants Auburn Sportsplex, LLC, Dennis Natoli, John Natoli and Peter Natoli be deemed filed.

Assented to:
Christian Schwenk
by his attorneys,

*/s/ Doy Fox (w/pr)*
Paul E. Linet, Esquire
Law Offices of Paul E. Linet, P.C.
PO Box 533
Acton, MA 01720

Douglas L. Fox, Esquire
Shumway, Giguere & Fox, P.C.
19 Cedar Street
Worcester, MA 01609

Auburn Sportsplex, LLC
Dennis Natoli, John Natoli,
and Peter Natoli
by their attorneys,

*/s/ William J. Ritter*
William J. Ritter, Esquire
BBO# 552397
Natañia M. Davis
BBO# 651838
Pojani Hurley Ritter & Salvidio, LLP
446 Main Street
Worcester, MA 01608
Phone: 508.798.2480

Certification of Local R. 7.1(A)(2)

I hereby certify that pursuant to Local R. § 7.1(A)(2), I have conferred with opposing counsel, Paul E. Linet, Esquire and Douglas L. Fox, Esq. in good faith to resolve and/or narrow the issues and counsel has assented to this motion.

CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2005, I served a copy of the within Defendants' Auburn Sportplex, LLC, Dennis Natoli, John Natoli and Peter Natoli Assented to Motion to Amend Answer to Paragraph 13 of the Complaint by mailing same postage prepaid upon:

Paul E. Linet, Esquire
Law Offices of Paul E. Linet, P.C.
PO Box 533
Acton, MA  01720

Douglas L. Fox, Esquire
Shumway, Giguere & Fox, P.C.
19 Cedar Street
Worcester, MA  01609

William J. Ritter, Esquire

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

Civil Action No. 05-40071-FDS

CHRISTIAN SCHWENK
    Plaintiff,

v.

AUBURN SPORTSPLEX, LLC,
DENNIS NATOLI, JOHN NATOLI,
AND PETER NATOLI,
    Defendants

## FIRST AMENDED ANSWER OF DEFENDANTS AUBURN SPORTSPLEX, LLC, DENNIS NATOLI, JOHN NATOLI AND PETER NATOLI

Auburn Sportsplex, LLC, Dennis Natoli, John Natoli, and Peter Natoli (hereinafter collectively "Defendants") respond to the corresponding numbered paragraphs of Christian Schwenk's (the "Plaintiff") Verified Complaint as follows:

1.    Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Verified Complaint.

2.    Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Verified Complaint.

3.    Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Verified Complaint.

4.    Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Verified Complaint.

5.    Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Verified Complaint.

6.    Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Verified Complaint.

7.    Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Verified Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Verified Complaint.

### **Count I: Production of Records**

9. Defendants submit that the document speaks for itself. Therefore, no responsive pleading is required.

10. Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Verified Complaint.

11. Defendants admit to having sent to Plaintiff a package containing information about a sports facility at Plaintiff's request. Defendants further state that the documents speak for themselves, therefore, no responsive pleading is required.

12. Defendants admit that Plaintiff transferred $100,000 to ASP's account. Defendants deny the remaining allegations contained in Paragraph 11 of Plaintiff's Verified Complaint.

13. Defendants admit that Plaintiff executed a document entitled "Ownership Purchase Agreement". Defendants further admit that John V. Natoli, Peter Natoli and Dennis Natoli also signed an Agreement. Defendants deny the remaining allegations contained in Paragraph 13 of Plaintiff's Verified Complaint and deny that certain handwritten changes to the Agreement were agreed to by the Defendants.

14. Defendants submit that the document speaks for itself, therefore, no responsive pleading is required.

15. Defendants admit to having received a letter dated April 16, 2004 from Plaintiff. As for the remaining allegations contained in Paragraph 15, Defendants submit that the document speaks for itself, therefore, no responsive pleading is required concerning the letter's content.

16. Defendants admit to having received a letter dated April 16, 2004 from Plaintiff's representative.

17. Defendants admit to having received a letter dated April 19, 2004 from Plaintiff's representative. Defendants deny the remaining allegations contained in Paragraph 17 of Plaintiff's Verified Complaint.

18. Defendants admit to having received a letter dated April 19, 2004 from Plaintiff's representative.

19. Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Verified Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Verified Complaint.

21. Paragraph 21 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

### Count II: Appointment of Receiver & Accounting

22. Defendants reassert and incorporate by reference their answers contained in the preceding paragraphs 1 through 21.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Verified Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Verified Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Verified Complaint.

26. Paragraph 26 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

The Plaintiff did not commence this action within the time prescribed by the applicable statute of limitations.

### Third Defense

Plaintiff consented and/or acquiesced to the acts of the shareholders.

### Fourth Defense

Plaintiff has had access to all requested and relevant documents. The Defendants are ready and willing to provide Plaintiff with all relevant documents.

### Fifth Defense

This Court lacks subject matter jurisdiction.

### Sixth Defense

Plaintiff's Complaint is barred by estoppel.

### Seventh Defense

Plaintiff's Complaint is barred by ratification.

The Defendants demand a trial by jury on all counts so triable.

                              Auburn Sportsplex, LLC
                              Dennis Natoli, John Natoli,
                              and Peter Natoli
                              by their attorneys,

                              _/s/ William J. Ritter_
                              William J. Ritter, Esquire
                              BBO #552397
                              Natañia M. Davis, Esquire
                              BBO # 651838
                              Pojani Hurley Ritter & Salvidio, LLP
                              446 Main Street
                              Worcester, MA 01608
                              Phone:  508.798.2480