UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

Civil Action No. 05-40071-FDS

---

CHRISTIAN SCHWENK
      Plaintiff,

v.

AUBURN SPORTSPLEX, LLC,
DENNIS NATOLI, JOHN NATOLI,
AND PETER NATOLI,
      Defendants

---

## FIRST AMENDED ANSWER OF DEFENDANTS AUBURN SPORTSPLEX, LLC, DENNIS NATOLI, JOHN NATOLI AND PETER NATOLI

Auburn Sportsplex, LLC, Dennis Natoli, John Natoli, and Peter Natoli (hereinafter collectively "Defendants") respond to the corresponding numbered paragraphs of Christian Schwenk's (the "Plaintiff") Verified Complaint as follows:

1.      Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Verified Complaint.

2.      Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Verified Complaint.

3.      Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Verified Complaint.

4.      Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Verified Complaint.

5.      Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Verified Complaint.

6.      Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Verified Complaint.

7.      Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Verified Complaint.

8.    Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Verified
      Complaint.

## Count I: Production of Records

9.    Defendants submit that the document speaks for itself. Therefore, no responsive pleading
      is required.

10.   Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Verified
      Complaint.

11.   Defendants admit to having sent to Plaintiff a package containing information about a
      sports facility at Plaintiff's request. Defendants further state that the documents speak for
      themselves, therefore, no responsive pleading is required.

12.   Defendants admit that Plaintiff transferred $100,000 to ASP's account. Defendants deny
      the remaining allegations contained in Paragraph 11 of Plaintiff's Verified Complaint.

13.   Defendants admit that Plaintiff executed a document entitled "Ownership Purchase
      Agreement". Defendants further admit that John V. Natoli, Peter Natoli and Dennis
      Natoli also signed an Agreement. Defendants deny the remaining allegations contained
      in Paragraph 13 of Plaintiff's Verified Complaint and deny that certain handwritten
      changes to the Agreement were agreed to by the Defendants.

14.   Defendants submit that the document speaks for itself, therefore, no responsive pleading
      is required.

15.   Defendants admit to having received a letter dated April 16, 2004 from Plaintiff. As for
      the remaining allegations contained in Paragraph 15, Defendants submit that the
      document speaks for itself, therefore, no responsive pleading is required concerning the
      letter's content.

16.   Defendants admit to having received a letter dated April 16, 2004 from Plaintiff's
      representative.

17.   Defendants admit to having received a letter dated April 19, 2004 from Plaintiff's
      representative. Defendants deny the remaining allegations contained in Paragraph 17 of
      Plaintiff's Verified Complaint.

18.   Defendants admit to having received a letter dated April 19, 2004 from Plaintiff's
      representative.

19.   Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Verified
      Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Verified Complaint.

21. Paragraph 21 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

## Count II: Appointment of Receiver & Accounting

22. Defendants reassert and incorporate by reference their answers contained in the preceding paragraphs 1 through 21.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Verified Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Verified Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Verified Complaint.

26. Paragraph 26 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

## First Defense

The Complaint fails to state a claim upon which relief may be granted.

## Second Defense

The Plaintiff did not commence this action within the time prescribed by the applicable statute of limitations.

## Third Defense

Plaintiff consented and/or acquiesced to the acts of the shareholders.

## Fourth Defense

Plaintiff has had access to all requested and relevant documents. The Defendants are ready and willing to provide Plaintiff with all relevant documents.

## Fifth Defense

This Court lacks subject matter jurisdiction.

## Sixth Defense

Plaintiff's Complaint is barred by estoppel.

## Seventh Defense

Plaintiff's Complaint is barred by ratification.


The Defendants demand a trial by jury on all counts so triable.

> Auburn Sportsplex, LLC
> Dennis Natoli, John Natoli,
> and Peter Natoli
> by their attorneys,
>
>
> William J. Ritter, Esquire
> BBO #552397
> Natañia M. Davis, Esquire
> BBO # 651838
> Pojani Hurley Ritter & Salvidio, LLP
> 446 Main Street
> Worcester, MA 01608
> Phone:  508.798.2480