UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

Civil Action No. 05-40071-FDS

---

CHRISTIAN SCHWENK
    Plaintiff,

v.

AUBURN SPORTSPLEX, LLC,
DENNIS NATOLI, JOHN NATOLI,
AND PETER NATOLI,
    Defendants

---

### ANSWER OF DEFENDANTS AUBURN SPORTSPLEX, LLC, DENNIS NATOLI, JOHN NATOLI AND PETER NATOLI TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Auburn Sportsplex, LLC, Dennis Natoli, John Natoli, and Peter Natoli (hereinafter collectively "Defendants") respond to the corresponding numbered paragraphs of Christian Schwenk's (the "Plaintiff") First Amended Complaint as follows:

1. Paragraph 1 contains conclusions of law to which no responsive pleading is required; to the extent that a response is required, denied.

2. Paragraph 2 contains conclusions of law to which no responsive pleading is required; to the extent that a response is required, denied.

3. Paragraph 3 contains conclusions of law to which no responsive pleading is required; to the extent that a response is required, denied.

4. Defendants deny the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.

5. Paragraph 5 contains conclusions of law to which no responsive pleading is required; to the extent that a response is required, denied.

6. Paragraph 6 contains conclusions of law to which no responsive pleading is required; to the extent that a response is required, denied.

7. Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

12. Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.

13. Paragraph 13 contains conclusions of law to which no responsive pleading is required; to the extent that a response is required, denied.

14. Defendants admit the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

15. Defendants admit the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

16. Defendants submit that the document speaks for itself. Therefore, no responsive pleading is required.

17. Defendants admit the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.

18. It is not clear what percentage of ownership is to be considered "substantial". Further answering, the actual percentage of ownership interests is reflected in documents produced during the Automatic Disclosure.

19. Defendants admit that individual defendants are brothers, but deny the remaining allegations of Paragraph 19.

20. Defendants admit that they consulted with one another on various business related matters.

21. Defendants admit the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint.

22. Defendants admit the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

23. Defendants submit that the document speaks for itself. Therefore, no responsive pleading is required.

24. Defendants submit that the document speaks for itself. Therefore, no responsive pleading is required.

25. Defendants admit to having sent to Plaintiff a package containing information about a sports facility at Plaintiff's request. Defendants further state that the documents speak for themselves, therefore, no responsive pleading is required.

26. Defendants admit to having sent to Plaintiff a package containing information about a sports facility at Plaintiff's request.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint. Further answering, the documentation referred to in ¶22 and 23 do not relate to the letter.

28. This allegation makes no sense. Paragraph 22 to 24 do include reference to the NBSB Loan. Paragraphs 17-20 relate to other matters. To the extent that a response is required, denied.

29. Defendants admit that Schwenk wired $100,000.00 to Auburn on or about July 21, 2003, but are without information or knowledge to admit or deny the remaining allegations.

30. Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

31. Defendants admit the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

32. Defendants submit that the document speaks for itself. Therefore, no responsive pleading is required.

33. Defendants submit that the document speaks for itself. Therefore, no responsive pleading is required.

34. Defendants admit the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

36. Defendants admit that Plaintiff executed a document entitled "Ownership Purchase Agreement".  Defendants further admit that John V. Natoli, Peter Natoli and Dennis Natoli also signed an Agreement.  Defendants deny the remaining allegations contained in Paragraph 36 of Plaintiff's Amended Complaint and deny that certain handwritten changes to the Agreement were agreed to by the Defendants.

37. Defendants submit that the document speaks for itself.  Therefore, no responsive pleading is required.

38. Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint.

39. Defendants admit that it received a letter dated April 16, 2004 from the Plaintiff.  Further answering, the document speaks for itself.

40. Defendants admit that it received a letter dated August 19, 2004 from counsel for Plaintiff.  Further answering, the documents speaks for itself.

41. Defendants deny the allegations contained in Paragraph 41of Plaintiff's Amended Complaint.

42. Defendants admit that it received a demand letter dated December 9, 2004 from counsel for Plaintiff.  Further answering, the documents speaks for itself.

43. Defendants admit that they did not respond in writing.

44. Defendants admit the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Amended Complaint.

### COUNT I
### VIOLATION OF FEDERAL SECURITIES LAWS:
### MISREPRESENTATIONS, OMISSIONS AND DECEPTIVE PRACTICES

46. Defendant realleges and incorporates herein the answers set forth in paragraph 1-44 above.

47. Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Amended Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Amended Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Amended Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Amended Complaint.

## COUNT II
## BREACH OF CONTRACT

51. Defendant realleges and incorporates herein the answers set forth in paragraph 1-49 above.

52. Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Amended Complaint.

53. Defendants submit that the document speaks for itself. Therefore, no responsive pleading is required.

54. Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Amended Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Amended Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Amended Complaint.

## COUNT III
## BREACH OF FIDUCIARY DUTY

57. Defendant realleges and incorporates herein the answers set forth in paragraph 1-44 above.

58. Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Amended Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Amended Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Amended Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Amended Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Amended Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Amended Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Amended Complaint.

## COUNT IV
## TORT:  CONSPIRACY

65. Defendant realleges and incorporates herein the answers set forth in paragraph 1 through 63 above.

66. Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Amended Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Amended Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Amended Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of Plaintiff's Amended Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Amended Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of Plaintiff's Amended Complaint.

## COUNT V
## VIOLATION OF MGL CHAPTER 93A

72. Defendant realleges and incorporates herein the answers set forth in paragraph 1 through 70 above.

73. Defendants deny the allegations contained in Paragraph 73 of Plaintiff's Amended Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of Plaintiff's Amended Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of Plaintiff's Amended Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of Plaintiff's Amended Complaint.

## COUNT VI
## APPOINTMENT OF RECEIVER

77. Defendant realleges and incorporates herein the answers set forth in paragraph 1 through 75 above.

78. Defendants admit the allegations contained in Paragraph 78 of Plaintiff's Amended Complaint.

79. Defendants admit the allegations contained in Paragraph 79 of Plaintiff's Amended Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of Plaintiff's Amended Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of Plaintiff's Amended Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of Plaintiff's Amended Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of Plaintiff's Amended Complaint.

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

The Plaintiff did not commence this action within the time prescribed by the applicable statute of limitations.

### Third Defense

Plaintiff consented and/or acquiesced to the acts of the shareholders.

### **Fourth Defense**

Plaintiff has had access to all requested and relevant documents. The Defendants are ready and willing to provide Plaintiff with all relevant documents.

### **Fifth Defense**

This Court lacks subject matter jurisdiction.

### **Sixth Defense**

Plaintiff's Complaint is barred by estoppel.

### **Seventh Defense**

Plaintiff's Complaint is barred by ratification.

### **Eighth Defense**

Plaintiff's complaint is barred by waiver.

### **Ninth Defense**

The fraud claims are not plead with the required particularity.

The Defendants demand a trial by jury on all counts so triable.

        Auburn Sportsplex, LLC
        Dennis Natoli, John Natoli,
        and Peter Natoli
        by their attorneys,

        *s/ William J. Ritter*           .
        William J. Ritter, Esquire
        BBO #552397
        Natañia M. Davis, Esquire
        BBO # 651838
        Pojani Hurley Ritter & Salvidio, LLP
        446 Main Street
        Worcester, MA 01608
        Phone: 508.798.2480

CERTIFICATE OF SERVICE

      I hereby certify that on January 24, 2006, I served a copy of the within Defendants' Auburn Sportsplex, LLC, Dennis Natoli, John Natoli and Peter Natoli Motion to Dismiss Plaintiff's Complaint for Lack of Jurisdiction by mailing same postage prepaid upon:

Paul E. Linet, Esquire
Law Offices of Paul E. Linet, P.C.
PO Box 533
Acton, MA  01720

Douglas L. Fox, Esquire
Shumway, Giguere & Fox, P.C.
19 Cedar Street
Worcester, MA  01609

                                            *s/ William J. Ritter*                .
                                            William J. Ritter, Esquire