UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

Civil Action No. 05-40071-FDS

CHRISTIAN SCHWENK
    Plaintiff,

v.

AUBURN SPORTSPLEX, LLC,
DENNIS NATOLI, JOHN NATOLI,
AND PETER NATOLI,
    Defendants

### DEFENDANTS', AUBURN SPORTSPLEX, LLC, DENNIS NATOLI, JOHN NATOLI AND PETER NATOLI, MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON COUNTS II AND V OF THE PLAINTIFF'S AMENDED COMPLAINT

#### I.    INTRODUCTION

The Defendants Auburn Sportsplex, LLC, Dennis Natoli, John Natoli and Peter Natoli (collectively, "Sportsplex"), respectfully submit this Memorandum in Support of their Motion for Summary Judgment on Counts II and V of Plaintiff's First Amended Complaint. In support of their motion, Sportsplex states there are no genuine issues as to any material fact and that they are entitled to judgment as a matter of law because:

1. The Ownership Purchase Agreement upon which Plaintiff relies in support of Count II, Breach of Contract, required Plaintiff to invoke his "refund" rights within 12 months of the agreement, which Plaintiff failed to do; and

2. Chapter 93A of the Massachusetts General Laws (Count V) has no application in internal business disputes which are principally private in nature.

#### II.    STATEMENT OF UNDISPUTED FACTS

In accordance with Local Rule 56.1, Sportsplex sets forth the following statement of material undisputed facts. Reference to Exhibit letters correspond to the documents attached to the Affidavit of William J. Ritter filed herewith.

1. The Plaintiff and Sportsplex had known each other for more than 30 years when Defendant Peter Natoli contacted the Plaintiff to tell him about an indoor sports facility that was being built, namely Auburn Sportsplex. *See* Exhibit A, Plaintiff's Answers to Interrogatories, #8.

2. On June 23, 2003, Sportsplex and the Plaintiff made and entered into an Agreement whereby the Plaintiff agreed to purchase five percent of Auburn Sportsplex, LLC for the sum of $100,000.00. Exhibit B, Ownership Purchase Agreement (the "Agreement").

3. The first provision of the Agreement states, in pertinent part:

> THIS AGREEMENT is made and entered into this 23 day of June, 2003, by and between John, Peter & Dennis Natoli, ("Seller") and Christian B. Schwenk, ("Purchaser").

Exhibit B.

4. The Agreement further reads:

> IT WITNESS WHEREOF, this Agreement has been executed by each of the individual parties hereto on the date first above written.

Exhibit B.

5. On July 21, 2003, Plaintiff paid the $100,000 to Sportsplex called for in the Agreement. Exhibit C.

6. The Closing Date of the transaction contemplated by the Agreement was originally June 30, 2003. Plaintiff contends that he crossed out the June 30, 2003 closing date and July 13, 2003 was handwritten in. Plaintiff contends he also crossed out the July 13, 2003 closing date and August 20, 2003 was handwritten onto the Agreement. Exhibit D.

7. Although Sportsplex disputes the date Plaintiff alleges he signed and changed the closing date provision, Sportsplex contends that it is not a material fact.

8. Exhibit "A" to the Agreement states, in pertinent part:

> (c) Refund of Payment. If for any reason within the first twelve months <u>of this agreement</u>, the Purchaser decides to sell his ownership of the Corporation, a notice in writing to

        Sellers only, the sellers will refund Purchasers, within and no longer than Ninety Days of such delivered notice. (Emphasis added.)

Exhibit B.

9. By letter dated April 16, 2004 to Sportsplex, Plaintiff confirmed that parties entered into the Agreement on June 23, 2003 and that "the dates…haven't been changed." Exhibit E.

10. By letter dated August 19, 2004, Plaintiff (through his counsel) attempted to invoke the Refund of Payment provision of the Agreement. Exhibit F.

11. Plaintiff's Complaint alleges that the Sportsplex is a "private limited liability corporation." *See* paragraph 3 of Plaintiff's First Amended Complaint.

12. The Sportsplex is a closely held entity with only six shareholders, three of whom are brothers.

13. Plaintiff claims to be a minority shareholder in Auburn Sportsplex, LLC. *See* paragraph 63 of Plaintiff's First Amended Complaint.

### III.  LEGAL ELEMENTS

**CONTRACT INTERPRETATION**

1. Where the wording of a contract is unambiguous, the contract must be enforced according to its expressed terms. *See Liberty Mutual Ins. Co. v. Gibbs*, 773 F.2d 15 (1st Cir. 1985); *Suffolk Construction Co., Inc. v. Lanco Scaffolding Co., Inc.*, 47 Mass.App.Ct. 726, 716 N.E.2d 130 (1999).

2. The interpretation of a contract is a question of law not fact that is appropriate for a judge to decide on summary judgment. *See Lexington Ins. Co. v. All Regions Chemical Labs, Inc.*, 419 Mass. 712, 647 N.E.2d 399 (1995); *Suffolk Construction Co., Inc. v. Lanco Scaffolding Co., Inc.*, 47 Mass.App.Ct. 726, 716 N.E.2d 130 (1999).

3. Ambiguity of a term in a contract is not created merely by the existence of a controversy between the parties, each favoring an interpretation contrary to the other's interpretation. *See Suffolk Construction Co., Inc. v. Lanco Scaffolding Co., Inc.*, 47 Mass.App.Ct. 726, 716 N.E.2d 130 (1999).

4. The effective date of a contract is the date it is "made and entered". *See Suffolk Construction Co., Inc. v. Lanco Scaffolding Co., Inc.*, 47 Mass.App.Ct. 726, 716 N.E.2d 130 (1999); *see also Greater Boston Cable Corp. v. White Mountain Cable Construction Corp.*, 414 Mass. 76, 604 N.E.2d 1315 (1992).

5. Ordinary usage of words "made" and "executed" considered together means the date the

contact was to be put into effect.  *See Suffolk Construction Co., Inc. v. Lanco Scaffolding Co., Inc.*, 47 Mass.App.Ct. 726, 716 N.E.2d 130 (1999).

**M.G.L. CHAPTER 93A**

6.  Chapter 93A is applicable only to business dealings "between discrete, independent business entities. *See Petricca Development Limited Partnership and Berkshire Concrete Corp. v. Pioneer Development Co., et al.*, 214 F.3d 216, 223 (1st Cir. 2000) (finding joint venture is not regarded as having arisen in "trade or commerce" as contemplated by Chapter 93A).

7.  "It is well established that disputes between parties in the same venture do not fall within the scope of G.L. c. 93A, § 11."  *Szalla v. Locke*, 421 Mass. 448, 451, 657 N.E.2d 1267 (1995); *see Danger Records, Inc. v. Berger, et. al.,* 444 Mass. 1, 6 n.6, 825 N.E.2d 498 (2005) (noting that Chapter 93A is inapplicable to "dispute(s) among co-venturers); *Lattuca v. Robsham*, 442 Mass. 205, 209, 812 N.E.2d 877 (2004) (involving co-trustee of nominee realty trust and trust beneficiary versus mortgage lender, co-trustee beneficiary, and successor trustee; holding "chapter 93A does not apply to internal disputes between parties who associated 'in the interests of forming a business venture together.'"); *Newton v. Moffie*, 13 Mass.App.Ct. 462, 469, 434 N.E.2d 656 (1982) (finding private transaction between individual members of partnership are private and therefore not actionable under Chapter 93A).

8.  Transactions involving or affecting stockholders of a particular business or in the same venture, but not affecting the general public or other businesses are private, nonbusiness transactions and not in "trade or commerce" as required by MGL ch. 93A.  *See Zimmerman v. Bogoff*, 402 Mass. 650, 524 N.E.2d 849 (1988) (further noting that such aggrieved parties are not without redress and may instead pursue a suit for breach of fiduciary duty); *Riseman v. Orion Research, Inc.*, 394 Mass. 311, 475 N.E.2d 398 (1985).

9.  Transactions which are principally private in nature do not fall within the purview of MGL ch. 93A.  *Id.*

### IV.   SUMMARY JUDGMENT STANDARD

This case is appropriate for summary judgment.  To support a motion for summary judgment, the moving party must affirmatively demonstrate that no genuine issues of material fact exist.  *See* FED. R. CIV. P. Rule 56.  Once the moving party has satisfied its burden of proving that there is no genuine issue as to any material fact and that, as a matter of law, it is entitled to judgment, the opposing party "may not rest upon the mere allegations or denials of the

adverse party's pleading, but the adverse party's response…must set forth specific facts showing that there is a genuine issue for trial." *Id.*

### V.    ARGUMENT

#### 1.    THE PLAINTIFF FAILED TO TIMELY INVOKE HIS REFUND RIGHTS IN ACCORDANCE WITH THE AGREEMENT

Count II of the First Amended Complaint alleges that the Sportsplex failed to buyback the Plaintiff's shares in breach of the "Refund of Payment" provision of the Agreement.  While it is true that the Agreement provides for a buyback option, it was incumbent upon the Plaintiff to exercise his refund rights within one year of June 23, 2003, the date of the Agreement.  Having failed to invoke the refund provision in a timely fashion, Count II must be dismissed.

The interpretation of a contract is a question of law not fact that is appropriate for a judge to decide on summary judgment.  *See Lexington Ins. Co. v. All Regions Chemical Labs, Inc.*, 419 Mass. 712, 647 N.E.2d 399 (1995); *Suffolk Construction Co., Inc. v. Lanco Scaffolding Co., Inc.*, 47 Mass.App.Ct. 726, 716 N.E.2d 130 (1999).  Where the wording of an agreement is unambiguous, it must be enforced according to its expressed terms. *See Liberty Mutual Ins. Co. v. Gibbs*, 773 F.2d 15 (1st Cir. 1985); *Suffolk Construction Co., Inc. v. Lanco Scaffolding Co., Inc.*, 47 Mass.App.Ct. 726, 716 N.E.2d 130 (1999).

The very first provision of the Agreement specifically and unambiguously states that it was "made and entered into this 23 day of June, 2003, by and between John, Peter & Dennis Natoli, ('Seller') and Christian B. Schwenk, ('Purchaser')."  Massachusetts courts have held that the phrases "made and entered" or "made and executed", when appearing in a contract, indicate its effective date.  *See Suffolk Construction Co., Inc. v. Lanco Scaffolding Co., Inc.*, 47

Mass.App.Ct. 726, 716 N.E.2d 130 (1999); *see also Greater Boston Cable Corp. v. White Mountain Cable Construction Corp.*, 414 Mass. 76, 604 N.E.2d 1315 (1992).  Nothing prohibits parties to an agreement to sign an agreement after the intended effective date.  See *Greater Boston Cable Corp. v. White Mountain Cable Construction Corp.* 414 Mass 76, 78, 604 N.E.2d 1315, 1316 (1992).  The last page of the Agreement further reads: "IT WITNESS WHEREOF, this Agreement has been executed by each of the individual parties hereto on the *date first above written*." (Emphasis added).  On the face of the Agreement, the "date first written" is June 23, 2003.  The Plaintiff's first attempt to invoke the Refund of Payment provision was not until August 19, 2004 and more than a year from the June 23, 2003 effective date of the contract. Exhibit F.

The Agreement later references an intended closing date, which Plaintiff alleged was changed several times – the last change being August 20, 2003; although Sportsplex disputes this allegation.  While the Plaintiff may contend that the dispute as to the changes in the "Closing Date" provision established a triable issue of fact, the contract language must be construed with the words' usual and ordinary meaning.  A mere disagreement between the parties concerning a change in the Closing Date of a contract does not create an ambiguity with the effective date of the Agreement.  S*ee Suffolk Construction Co., Inc. v. Lanco Scaffolding Co., Inc.*, 47 Mass.App.Ct. 726, 716 N.E.2d 130 (1999).  An April 16, 2004 letter to the Sportsplex from the Plaintiff further confirms that the parties entered into the Agreement on June 23, 2003 and that "the dates … haven't been changed." Exhibit E.

By the express terms of the Agreement, if the Plaintiff chose to invoke the Refund of Payment provision, he was obligated to do so by or before June 23, 2004.  Having failed to do

so, summary judgment is warranted as to Count II of the Plaintiff's First Amended Complaint.

### 2. THE CONDUCT COMPLAINED OF IS A PRIVATE DISPUTE BETWEEN MINORITY OWNERS AND DOES NOT FALL WITHIN THE PURVIEW OF MGL CH. 93A

Count V of the Plaintiff's First Amended Complaint alleges that the Sportsplex misrepresented and failed to disclose facts relevant to the company to the Plaintiff. The Plaintiff and Sportsplex had known each other for more than 30 years when Defendant Peter Natoli contacted the Plaintiff to tell him about an indoor sports facility that was being built, namely Auburn Sportsplex. Pursuant to the Agreement, the Plaintiff purchased 5% of the Sportsplex. Of the remaining five shareholders, three are brothers. It is well established that disputes between parties in the same venture, as is the case here, do not fall within the purview of M.G.L. c. 93A, § 11. *Szalla v. Locke*, 421 Mass. 448, 451, 657 N.E.2d 1267 (1995); *see Danger Records, Inc. v. Berger, et. al.,* 444 Mass. 1, 6 n.6 , 825 N.E.2d 498 (2005) (noting that Chapter 93A is inapplicable to "dispute(s) among co-venturers); *Lattuca v. Robsham*, 442 Mass. 205, 209, 812 N.E.2d 877 (2004) (involving co-trustee of nominee realty trust and trust beneficiary versus mortgage lender, co-trustee beneficiary, and successor trustee; holding "chapter 93A does not apply to internal disputes between parties who associated 'in the interests of forming a business venture together.'"); *Newton v. Moffie*, 13 Mass.App.Ct. 462, 469, 434 N.E.2d 656 (1982) (finding private transaction between individual members of partnership are private and therefore not actionable under Chapter 93A). Rather, Chapter 93A is applicable only to business dealings "between discrete, independent business entities." *See Petricca Development Limited Partnership and Berkshire Concrete Corp. v. Pioneer Development Co., et al.*, 214 F.3d 216, 223 (1st Cir. 2000) (finding joint venture is not regarded as having arisen in "trade or commerce" as contemplated by Chapter 93A).

The transaction was between the Plaintiff and the Sportsplex and in no way involved the public. Transactions involving or affecting stakeholders of a particular business or in the same venture, but not affecting the general public or other businesses are private, nonbusiness transactions and not in "trade or commerce" as required by MGL ch. 93A. *See Zimmerman v. v. Bogoff*, 402 Mass. 650, 524 N.E.2d 849 (1988) (holding transactions which are "principally private in nature" do not fall within the purview of MGL ch. 93A; dispute between two 50% owners of closely held corporation was a "purely private dispute"); *Riseman v. Orion Research, Inc.*, 394 Mass. 311, 475 N.E.2d 398 (1985) (holding ch. 93A is not intended to redress alleged wrongs asserted by stockholder against corporation in the internal governance of the corporation); *see also Alperin v. Eastern Smelting and Refining Corp.*, 32 Mass.App.Ct. 539, 591 N.E.2d 1122 (1992) (affirming dismissal of ch. 93A claim because transactions between stock seller and corporation were "principally private in nature.").

Clearly, the business relationship between the Plaintiff and Sportsplex was wholly private in nature. Further, the claims alleged in Plaintiff's First Amended Complaint describe a private grievance between a minority stockholder and Sportsplex's other owners which is not subject to the provisions of ch. 93A. Moreover, Plaintiff is not without remedy for its alleged claims; Plaintiff's Amended Complaint includes a breach of fiduciary duty claim. For those reasons, summary judgment is appropriate as to Count V of the Plaintiff's First Amended Complaint.

## VI.    CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment on Counts II and V of Plaintiff's Amended Complaint should be allowed.

        Auburn Sportsplex, LLC,
        Dennis Natoli, John Natoli,
        and Peter Natoli
        by their attorneys,


        *s/ William J. Ritter*
        William J. Ritter, Esquire
        BBO #552397
        Natañia M. Davis, Esquire
        BBO # 651838
        Pojani Hurley Ritter & Salvidio, LLP
        446 Main Street
        Worcester, MA 01608
        Phone: 508.798.2480

## CERTIFICATE OF SERVICE

I hereby certify that on June 22 2006, I served a copy of the within DEFENDANTS', AUBURN SPORTSPLEX, LLC, DENNIS NATOLI, JOHN NATOLI AND PETER NATOLI, MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON COUNTS II AND V OF THE PLAINTIFF'S AMENDED COMPLAINT by first class mail postage prepaid upon:

Paul E. Linet, Esquire
Law Offices of Paul E. Linet, P.C.
PO Box 533
Acton, MA 01720

and by electronic filing upon:

Douglas L. Fox, Esquire
Shumway, Giguere & Fox, P.C.
19 Cedar Street
Worcester, MA 01609

        *s/ William J. Ritter*
        William J. Ritter, Esquire
        Natañia M. Davis, Esquire