UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO.: 05 CV 40071-FDS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*)
CHRISTIAN SCHWENK,                    )
     Plaintiff             )
                                      )
v.                                    )
                                      )
AUBURN SPORTSPLEX, LLC, DENNIS        )
NATOLI, JOHN NATOLI, and PETER        )
NATOLI,                               )
     Defendants            )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MOTION AND MEMORANDUM
TO EXTEND DEADLINE FOR REQUEST TO ADMIT

  The plaintiff, Christian Schwenk hereby moves this honorable court to extend the deadline for propounding requests to admit. If this motion is allowed responses to request to admit would be due two weeks after allowance of the motion. Plaintiff further states that he would not oppose a reciprocal request to admit such further facts that would assist in narrowing the scope of issues for trial.

  A trial court, when asked to extend a discovery deadline will consider many factors including the reason needed for more time and "whether further discovery is likely to lead anywhere productive." <u>U.S v. Sayer</u>, 05-1917 (1st Cir. 2006)

  The plaintiff is requesting an extension of the deadline in order to narrow the issues at trial. The defendants will not be prejudiced by the extension of the deadline. The defendants have agreed to answer one of the requests to admit. Responding to the remaining requests will only serve to further narrow the issues in this case. These requests are not imposed for the

purpose of delay but rather to make the ultimate trial of the case more efficient. The plaintiff's request to admit are sufficiently narrow and specific and thus are likely to narrow the issues for trial. (Exhibit A). The plaintiff respectfully requests that the court allow this motion to extend the deadline for request to admit.

RESPECTFULLY SUBMITTED
Christian Schwenk, Plaintiff
By his attorney,

*s/ Douglas L. Fox*
Douglas L. Fox, Esq.
BBO#:   176380.
Shumway, Giguere & Fox, PC
19 Cedar Street
Worcester, MA  01609
(508) 756-2323

Plaintiff's signature
Pursuant to L.R. 26.2

*s/ Christian Schwenk*
Christian Schwenk

**CERTIFICATION OF COMPLIANCE WITH RULE 37.1**

I, Douglas L. Fox, certify that Rule 37.1 has been complied with. On June 27, 2006 at 11:00 a.m. a telephone conference was held between attorney Bill Ritter for the defendant and attorney Carl W. Lindley Jr. for the plaintiff. The teleconference lasted less than five minutes. It was agreed that defendant would respond to Plaintiff's Request to Admit number 1 by either admission or denial and would object to the balance of the requests as untimely.

<u>s/ Douglas L. Fox</u><br>
Douglas L. Fox, Esq.<br>
BBO#:  176380.<br>
Shumway, Giguere & Fox, PC<br>
19 Cedar Street<br>
Worcester, MA  01609<br>
(508) 756-2323

## **CERTIFICATE OF SERVICE**

  I hereby certify that on July 21, 2006, I served a copy of the within Plaintiff's Motion and Memorandum to Extend Deadline for Request to Admit on Defendants by electronic filing upon:

    William J. Ritter, Esquire
    Pojani Hurley Ritter & Salvidio, LLP
    446 Main Street
    Worcester, MA 01608


            *s/ Douglas L. Fox*
            Douglas L. Fox, Esq.

## EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO.:  05 CV 40071-FDS

```
**************************************)
CHRISTIAN SCHWENK,                    )
            Plaintiff                 )
                                      )
v.                                    )
                                      )
AUBURN SPORTSPLEX, LLC, DENNIS        )
NATOLI, JOHN NATOLI, and PETER        )
NATOLI,                               )
            Defendants                )
**************************************
```

## PLAINTIFF'S FIRST SET OF REQUESTS TO ADMIT

Plaintiff hereby requests Defendants, pursuant to FRCP 36, to Admit the truth of the following matters:

1. Dennis Natoli did not sign the Ownership Purchase Agreement, Exhibit no.4 of Schwenk deposition.

2. Defendants did not register the Offer or Sale of Securities in Auburn Sportsplex, LLC pursuant to the Securities Act of 1933 (15 U.S.C. 77a et seq., as amended).

3. Defendants did not file a notice of Sale of Securities in reliance on an exemption under Regulation D (17 CFR 230.501 et seq.) or 15 U.S.C. 77d(6).

4. Defendants were not exempt from the filing of Form D, Notice of Sale of Securities pursuant to Reg. D, Section 4(6), and/or Uniform Limited Offering Exemption.

5. Defendants did not register the offer or sale fo securities in Auburn Sprotsplex, LLC pursuant to MGL c. 110A, The Uniform Securities Act.

6. The Offer or Sale of Securities in Auburn Sportsplex, LLC were not exempt from the registration requirements under MGL c. 110A, The Uniform Securities Act.

7. Plaintiff requested the return of his investment within one year of August 20, 2003.

                          Plaintiff,
                          By his attorney,

                          _____
                          Douglas L. Fox, Esq
                          BBO#:   176380.
                          Shumway, Giguere & Fox, PC
                          19 Cedar Street
                          Worcester, MA  01609
                          (508) 756-2323