UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

Civil Action No. 05-40071-FDS

CHRISTIAN SCHWENK
    Plaintiff,

v.

AUBURN SPORTSPLEX, LLC,
DENNIS NATOLI, JOHN NATOLI,
AND PETER NATOLI,
    Defendants

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO EXTEND DEADLINE FOR REQUEST TO ADMIT

    The Defendants Auburn Sportplex, LLC, Dennis Natoli, John Natoli, and Peter Natoli hereby submit this Memorandum in Opposition to the Plaintiff's belated Motion to Extend the Deadline For Requests To Admit. Because the Plaintiff has had ample opportunity to submit admission requests and the deadline for such requests has long since passed, the motion must be denied. In further support of their opposition, the Defendants state as follows:

1.     On or about May 11, 2005, the Plaintiff filed the underlying complaint.

2.     In accordance with the Court's original Scheduling Order of October 20, 2005, all requests for admission were to be served by January 31, 2006.

3.     Pursuant to Plaintiff's first belated request to extend the above referenced deadline, the Court granted the Plaintiff's Motion extending the deadline to submit requests for admission to April 10, 2006. *See* February 15, 2006 Amended Scheduling Order and February 1, 2006 Plaintiff's Motion to Amend/Revise Scheduling Order.

4.     On May 31, 2006, the Plaintiff submitted a belated request for admissions to the Defendants.

5.     On June 27, 2006, the Defendants answered by objecting to the Plaintiff's request in its entirety based on untimely submission of same. Notwithstanding the untimely filing and without waiving their objections, the Defendants did answer one admission request because, prior to receiving same, it was agreed that the information specific to that

      particular request would be provided in some fashion by the Defendants. A copy of Defendants' Responses To Plaintiff's First Set Of Requests To Admit are attached hereto as Exhibit A.

6.     In accordance with the Court's Scheduling Order motions to extend deadlines may be granted "only for good cause shown."

7.     Discovery in this case has not been delayed and the deadline for admission requests has not been affected by time taken by the court to consider a motion.

      Discovery has been ongoing in this case since October 2005. The Plaintiff had more than enough time to submit a timely admission request. Moreover, the Plaintiff's motion fails to address why his request for admissions was filed more than a month late and to show good cause for an extension to the Court's deadline. Accordingly, the Defendants respectfully request that the Court deny the Plaintiff's motion for same.

                          Auburn Sportsplex, LLC,
                          Dennis Natoli, John Natoli,
                          and Peter Natoli
                          by their attorneys,

                          *s/ William J. Ritter*
                          William J. Ritter, Esquire
                          BBO #552397
                          Natañia M. Davis, Esquire
                          BBO # 651838
                          Pojani Hurley Ritter & Salvidio, LLP
                          446 Main Street
                          Worcester, MA 01608
                          Phone: 508.798.2480

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 1, 2006, I served a copy of the within DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DEADLINE FOR REQUEST TO ADMIT by first class mail postage prepaid upon:

Paul E. Linet, Esquire
Law Offices of Paul E. Linet, P.C.
PO Box 533
Acton, MA  01720

and by electronic filing upon:

Douglas L. Fox, Esquire
Shumway, Giguere & Fox, P.C.
19 Cedar Street
Worcester, MA  01609

                                              *s/ William J. Ritter*
                                              William J. Ritter, Esquire
                                              Natañia M. Davis, Esquire

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

Civil Action No. 05-40071-FDS

CHRISTIAN SCHWENK
    Plaintiff,

v.

AUBURN SPORTSPLEX, LLC,
DENNIS NATOLI, JOHN NATOLI,
AND PETER NATOLI,
    Defendants

### DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS TO ADMIT

The Defendants object to Plaintiff's First Set of Requests To Admit in its entirety based on untimely submission of same. Pursuant to the February 15, 2006, Amended Scheduling Order, all requests for admission were to be served by April 10, 2006. Plaintiff's first set of admission requests were belatedly served on May 31, 2006. Notwithstanding this objection and without waiving same, Defendants will respond to Admission #1.

During the deposition of Dennis Natoli, he was unable to testify as to whether his signature appeared on the Ownership Purchase Agreement because he did not have his glasses. Counsel for the parties agreed during that deposition to having the question answered by other means. See Deposition of Dennis Natoli, page 9 (attached hereto).

1. Dennis Natoli did not sign the Ownership Purchase Agreement, Exhibit No. 4 of Schwenk deposition.

Resp. 1.    Admitted. Further answering, John Natoli signed Dennis Natoli's signature with his permission.

Signed under the pains and penalties of perjury this 22 day of June, 2006.

*[signature]*
John Natoli

*[signature]*
Dennis Natoli

*[signature]*
Peter Natoli

*[signature]*
Auburn Sportsplex, LLC

Auburn Sportsplex, LLC,
Dennis Natoli, John Natoli,
and Peter Natoli
by their attorneys,

*[signature]*
William J. Ritter, Esquire
BBO #552397
Natalia M. Davis, Esquire
BBO # 651838
Pojani Hurley Ritter & Salvidio, LLP
446 Main Street
Worcester, MA 01608
Phone: 508.798.2480

```
 1   Natoli", the third line down?
 2       A.    It could, but it's a blur to me.
 3       Q.    Do you need to get your glasses?
 4       A.    I can't find them, because when we
 5   went to lunch they were in my pocket, and as I
 6   came up --. It's my only pair. Don't laugh.
 7       Q.    It's kind of important to ask this
 8   question. I don't know what we're going to do.
 9             (Eyeglasses handed to witness.)
10             MR. RITTER: Off the record.
11             (Discussion off the record.)
12             MR. FOX: The witness has indicated
13   that it's difficult for him to read this without
14   his reading glasses, and we don't have a suitable
15   substitute for him, so counsel have agreed that
16   we'll work out some accommodation to get this
17   question answered whether or not that's his
18   signature, and, if it's not, does he know who put
19   it there.
20             MR. RITTER: Yes. Agreed to.
21             MR. FOX: Yes. I'm just thinking.
22             MR. RITTER: I'm sorry.
23       Q.    Do you have a driver's license with
24   you?
```

CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2006, I served a copy of the within DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS TO ADMIT by mailing same postage prepaid upon:

Paul E. Linet, Esquire
Law Offices of Paul E. Linet, P.C.
PO Box 533
Acton, MA 01720

Douglas L. Fox, Esquire
Shumway, Giguere & Fox, P.C.
19 Cedar Street
Worcester, MA 01609

William J. Ritter, Esquire
Natañia M. Davis, Esquire