UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO.: 05 CV 40071-FDS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*)
CHRISTIAN SCHWENK,                )
         Plaintiff                )
                                  )
v.                                )
                                  )
AUBURN SPORTSPLEX, LLC, DENNIS    )
NATOLI, JOHN NATOLI, and PETER    )
NATOLI,                           )
         Defendants               )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S RULE 56(F) AFFIDAVIT

1. Pursuant to Fed.R.Civ.P. 56(f), Plaintiff, through counsel, hereby makes affidavit in support of continuance of hearing on motion for summary judgment to allow additional discovery necessary to oppose summary judgment, for the following reasons.

2. Shortly after the commencement of this action, defendants agreed to produce all tax returns.

3. Defendants produced all but the 2005 return, because the 2005 return was on extension.

4. Defendants did not produce the 2005 return until September 12, 2006.

5. Upon review of the 2005 return, it was discovered that the defendant Auburn Sportsplex, LLC was carrying a debt identified as a residential mortgage, without any corresponding asset.

6. It appears this debt may have been on the books before plaintiff was solicited for his investment, in that the return reflects remaining amortization of 27.5 years, suggesting a 30 year mortgage.

7. Since the 2005 return was produced, plaintiff has diligently sought additional information concerning the debt by conferring with counsel for the defendant LLC in an attempt to clarify the specifics of the underlying debt. Furthermore during this conference and at the request of counsel for the defendant on October 20, 2006 a letter was sent specifically identifying the line items that have been called into question along with a copy of the

relevant pages of the tax return with the line items highlighted for ease of reference. On November 1, 2006 having received no clarification regarding these records a call was placed to counsel for the defendant and a message left. These efforts were repeated the following day. To date, no additional information has been produced.

8. Plaintiff requires this additional information to demonstrate that defendants have engaged in improper financial transactions, by indebting the Auburn Sportsplex, LLC without any corresponding asset or security interest, and by failing to disclose this fact to plaintiff before he agreed to the investment. Therefore, material information may have been withheld which could have effected the decision to invest, and this evidence directly implicates plaintiff's c.93A claim.

9. Because defendants have delayed in disclosing this transaction, and have since failed to provide supporting documentation or any explanation whatever, plaintiff has been deprived of potentially significant evidence with which to oppose the motion for summary judgment. Plaintiff therefore requests a continuance of the motion for summary judgment with leave to conduct such discovery as is necessary to fully explore the subject transaction.

                                      *s/ Douglas L. Fox*
                                      Douglas L. Fox, Esq
                                      BBO#:   176380.
                                      Shumway, Giguere & Fox, PC
                                      19 Cedar Street
                                      Worcester, MA  01609
                                      (508) 756-2323