UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO.: 05 CV 40071-FDS

```
*************************************)
NANCY SCHWENK, PERSONAL              )
REPRESENTATIVE OF THE ESTATE OF      )
CHRISTIAN SCHWENK,                   )
                  Plaintiff          )
                                     )
v.                                   )
                                     )
AUBURN SPORTSPLEX, LLC, DENNIS       )
NATOLI, JOHN NATOLI, and PETER       )
NATOLI,                              )
                  Defendants         )
*************************************
```

## JOINT MOTION AND MEMORANDUM TO
## EXTEND THE DISCOVERY DEADLINE

The Parties jointly move to allow the extension of the discovery deadline to allow the Plaintiff to serve a request for the production of documents as attached in exhibit A. On April 8, 2008 Counsel for the Plaintiff, Douglas Fox and Counsel for the Defendant John J. Regan held a telephone conference pursuant to Rule 37.1 and agreed that the discovery deadline should be extended for the reasons contained herein.

The Plaintiff is a minority shareholder in the Auburn Sportsplex and entitled to regular accountings from the Defendants. A mediation is scheduled for May 2, 2008 before Judge Hillman. In order for the Plaintiff to determine the reasonableness of any offer extended the Plaintiff will require current financial records from the Defendants. A trial court, when asked to extend a discovery deadline will consider many factors including the reason needed for more time and "whether further discovery is likely to lead anywhere productive." *U.S v. Sayer*, 450

F.3d 82, 90 (1st Cir. 2006). Counsel for the parties have agreed to extend the discovery deadline for the purpose of obtaining the most current financial records from the Defendant and respectfully request the Court's indulgence.

If allowed the attached request for the production of documents should be treated as served upon the Defendant and must be responded to on or before April 25, 2008.

| | |
|---|---|
| *s/ John J. Regan* | *s/ Douglas L. Fox* |
| John J. Regan, Esq. | Douglas L. Fox, Esq |
| BBO#:  544720 | BBO#:  176380. |
| Dolan & Regan | Shumway, Giguere & Fox, PC |
| 10 Chestnut Street | 19 Cedar Street |
| Peabody, MA  01960-5404 | Worcester, MA  01609 |
| (978) 538-9500 | (508) 756-2323 |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO.: 05 CV 40071-FDS

```
*************************************)
NANCY SCHWENK, PERSONAL              )
REPRESENTATIVE OF THE ESTATE OF      )
CHRISTIAN SCHWENK,                   )
            Plaintiff                )
                                     )
v.                                   )
                                     )
AUBURN SPORTSPLEX, LLC, DENNIS       )
NATOLI, JOHN NATOLI, and PETER       )
NATOLI,                              )
            Defendants               )
*************************************
```

PLAINTIFF'S FIRST REQUEST TO DEFENDANT, AUBURN
SPORTPLEX, LLC FOR PRODICTION OF DOCUMENTS

   The Plaintiff, Nancy Schwenk, Personal Representative of the Estate of Christian Schwenk, in the above-entitled matter, pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests the Defendant, Auburn Sportsplex, LLC to produce and permit the said party Plaintiff to inspect and copy or test all of the documents, photographs, and things (hereinafter "documents") specified below that are in said Defendant's possession, custody, or control, and in the possession of any of the Defendant's agents, servants, employees, representatives, or attorneys. The documents shall be made available at the law offices of ***Shumway, Giguere, Fox, P.C., 19 Cedar Street, Worcester, Massachusetts 01609***, within 30 days of the date of your receipt hereof.

DEFINITIONS

1.  "You," "your(s)," shall refer to Defendants.

2.  The term "communication" shall mean the transmittal of information whether in the form of acts, ideas, inquiries, or otherwise.

3.  The term "document" shall include correspondence, memoranda, notes, and writings of all kinds, drawings, graphs, charts, photographs, phone records, and any data compilations from which information can be obtained, translated, if necessary, by you through detection devices into reasonably usable form (e.g. computerized records). A draft or non-identical copy is a separate document within the meaning of this term.

4.  The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

5.  The terms "plaintiff" and "defendant" as well as a party's full name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

6.  The terms "relate(s) to" or "relating to" shall mean referring to, describing, reflecting, evidencing, or constituting.

## INSTRUCTIONS

1.  The document requests are continuing. To the extent that the responses may be enlarged, diminished, or otherwise modified by information that you acquire after the service of your initial answers and/or documents, Plaintiff asks that you promptly provide supplemental answers and/or additional documents reflecting any such newly acquired information.

2.  With respect to any document which you may withhold by reason of a claim of privilege, a written statement shall be provided by counsel for the Defendants to counsel for Plaintiff, which shall be signed by Defendants' attorney, setting forth, as to each such withheld document, the following:

    a.  The type of document (e.g., letter, memorandum, report, etc.);
    b.  The date of the document;
    c.  The author of, preparer of, and signatories to the document;
    d.  The name(s) and address(es) of all persons who received or reviewed a copy of the document;
    e.  The job title of each person named in c) or d) above;
    f.  A brief description of the nature, purpose, subject matter and substance of the document;
    g.  The current custodian of the document and the date on which the document was received by same;
    h.  The current location of the document;
    i.  The statute, rule or decision that is claimed to give rise to the privilege.

## ***DOCUMENTS TO BE PRODUCED***

1.  Copies of all financial statements, balance sheets, and income statements.

2.  Copies of all bank statements

3.  Copies of all annual reports filed with the Secretary of State.

4. Copies of any agreements, correspondence, contracts, or leases with the Defendants relative to rental of the Auburn Sprotsplex facility.

5. Copies of all State and Federal tax returns.

6. Copies of the minutes of meetings of the corporation.

7. Copies of any notes, memorandum, correspondence, and/or emails among and between the shareholders pertaining to the business, its revenue and disbursements.

8. Copies of all bank statements related to any entity in which Auburn Sportsplex, LLC has a financial interest.

9. Copies of any documents pertaining to discretionary adjustments made by the business including, but not limited to, compensation, benefits, distributions.

10. Copies of any documents pertaining to non-recurring adjustments.

11. Copies of any documents pertaining to non-operating adjustments.

                Plaintiff,
                By her attorney,

                /S/    Douglas L. Fox
                Douglas L. Fox, Esq
                BBO#:   176380.
                Shumway, Giguere & Fox, PC
                19 Cedar Street
                Worcester, MA  01609
                (508) 756-2323

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO.:  05 CV 40071-FDS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*)
NANCY SCHWENK, PERSONAL )
REPRESENTATIVE OF THE ESTATE OF )
CHRISTIAN SCHWENK, )
        Plaintiff )
)
v. )
)
AUBURN SPORTSPLEX, LLC, DENNIS )
NATOLI, JOHN NATOLI, and PETER )
NATOLI, )
        Defendants )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATION OF COMPLIANCE WITH RULE 37.1

     I, Douglas L. Fox, certify that Rule 37.1 has been complied with. On April 8, 2008 a telephone conference was held between attorney John J. Regan for the defendant and attorney Douglas L. Fox for the plaintiff. The teleconference lasted approximately 10 minutes. It was agreed that the deadline to serve a request for the production of documents should be extended.

                                 *s/ Douglas L. Fox*
                                 Douglas L. Fox, Esq
                                 BBO#:   176380.
                                 Shumway, Giguere & Fox, PC
                                 19 Cedar Street
                                 Worcester, MA  01609
                                 (508) 756-2323