UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO.: 05 CV 40071-FDS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*)
NANCY SCHWENK, PERSONAL            )
REPRESENTATIVE OF THE ESTATE OF )
CHRISTIAN SCHWENK,                 )
            Plaintiff             )
                                   )
v.                                 )
                                   )
AUBURN SPORTSPLEX, LLC, DENNIS     )
NATOLI, JOHN NATOLI, and PETER     )
NATOLI,                            )
            Defendants            )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION TO POSTPONE MEDIATION

      Plaintiff hereby moves for postponement of the mediation presently scheduled for Monday, June 2, 2008 upon the following grounds.

      This action was originally initiated for the purpose of compelling defendants to produce financial information which they had a fiduciary duty to provide.

      Since then, defendants have retained new counsel who agreed that financial data would be produced in advance of this mediation. However, when the parties were last scheduled to mediate May 2, 2008, defendants had still not complied. Accordingly, a joint motion was filled to extend discovery and to postpone the mediation.

      As of this date, the only information produced has been a copy of checking account records, which contain copies of canceled checks payable, *inter alia*, to cash, unidentified third parties, and to the Natoli's individually, without any explanation. Multiple attempts to secure this additional information before the new mediation date have been unsuccessful. Plaintiff's counsel attempted to discuss this with defense counsel earlier this week, but he has not replied. Interrogatories and request to produce documents, seeking additional information about the checking account records were served on May 7, 2008 and May 14, 2008 and responses are due on June 9, 2008 and June 30, 2008.

      Since it appears the only way to secure the required financial information will be through an eventual discovery order pursuant to Rule 37, Plaintiff respectfully suggests it would be wise to postpone mediation until defendant comply with their obligation to produce this information. Moreover, Nancy Schwenk, widow of Christian Schwenk and Administrator of his estate, resides

in Florida and it would be a financial hardship for her to travel to Massachusetts for this mediation, especially where defendants continue to thwart the ADR process by withholding material evidence, thereby rendering the mediation of questionable value at this time.

   Plaintiff therefore respectfully requests postponement so as to allow the Court to eventually compel production of this information / or to default defendants as a sanction pursuant to Rule 37.

>Plaintiff,
>By her attorney
>
>
>   *s/ Douglas L. Fox*
>Douglas L. Fox, Esq
>BBO#:   176380.
>Shumway, Giguere & Fox, PC
>19 Cedar Street
>Worcester, MA  01609
>(508) 756-2323

## CERTIFICATE OF SERVICE

On this 30th day of May 2008, I, Douglas L. Fox, Esquire, hereby certify that I served the within *Plaintiff's Motion to Postpone Mediation* upon the Defendants, by mailing a copy of the same, first-class mail, postage prepaid, to Defendants' Counsel of Record:

>John J. Regan, Esq.
>Dolan & Regan
>10 Chestnut Street
>Peabody, MA 01960-5404

>     *s/ Douglas L. Fox*
>***DOUGLAS L. FOX, ESQUIRE***
> BBO #176380