UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO.:  05 CV 40071-FDS

```
**************************************)
NANCY SCHWENK, PERSONAL               )
REPRESENTATIVE OF THE ESTATE OF       )
CHRISTIAN SCHWENK,                    )
                Plaintiff             )
                                      )
v.                                    )
                                      )
AUBURN SPORTSPLEX, LLC, DENNIS        )
NATOLI, JOHN NATOLI, and PETER        )
NATOLI,                               )
                Defendants            )
**************************************
```

PLAINTIFF'S PRETRIAL MEMORANDUM

1. Summary of Evidence

   The evidence will show that Christian Schwenk, a Florida resident and an inexperienced, non-accredited investor, transmitted $100,000 to purchase an interest in Auburn Sportsplex, LLC ("Auburn" or "LLC"), organized as a Massachusetts limited liability company. At the time of Mr. Schwenk's investment, defendant, Peter Natoli, was manager of Auburn; and, along with defendants Dennis and John Natoli, as well as Joseph Teixera and Jim Vail, was a member of the LLC.  The individual named defendants, as sellers of the investment interest in Auburn made various material misstatements of fact and omissions of material facts in their offer to Mr. Schwenk.  These misstatements and omissions constitute violations of the relevant securities laws.  Moreover, the material omissions and misstatements constitute deceptive practices in the offer to sell Mr. Schwenk the interest in the LLC in violation of MGL c. 231, Section 85J.

   Beyond the foregoing, the Natolis breached the fiduciary duty owed by each member of a limited liability company to each other member, by, among other things, failing to accurately disclose the existence of mortgages and other encumbrances, failing to keep accurate financial records, making unexplained cash and other transactions, failing to disclose the existence of other investor/members, failing to disclose the pendency of a dispute involving allegations that are remarkably similar to issues that are presented in this case, failing to maintain mandatory business records, failing to disclose the existence of conflicting business interests, failing to observe the formalities for the operation of a limited liability company under state law, failing to maintain adequate financial controls on the operation of the business, failing to make

distributions of dividends or profits, and by failing to pay the plaintiff the value of his 5% interest in the business when he attempted to resign and demand the return of his investment approximately one year after he transferred $100,000 to the Natolis. Since this action was commenced, Mr. Schwenk has passed away and his wife was appointed personal representative of his estate. She has been substituted as plaintiff in this action.

Damages include the initial $100,000 investment plus interest and attorneys' fees, and the imposition of treble damages as provided by MGL c. 231, Section 85J, as well as such additional relief (in law or in equity) as the Court shall impose.

2. Statement of Established Facts

Auburn Sportsplex LLC is a Massachusetts Limited Liability Company which owns and operates (presently leased to another entity) an athletic facility in Auburn Massachusetts. The members are John, Peter and Dennis Natoli, Nancy Schwenk (as heir to Christian Schwenk), Joseph Teixeira and Jim Vail. Auburn Sportsplex LLC has never filed an amendment to its Certificate of Organization, and never filed anything with securities regulators, nor has the LLC ever filed an annual report as mandated by the regulations governing the operation of a Massachusetts limited liability company, Christian Schwenk, a resident of Florida at the time, invested $100,000 in Auburn Sportsplex LLC in exchange for a 5% ownership interest, pursuant to an ownership purchase agreement. Nancy Schwenk, as heir to Christian Schwenk, is entitled to receive periodic distributions of profits or dividends from the business operations of Auburn Sportsplex LLC. To date, she has receive a total of three payments.

3. Contested Issues of Fact

The parties contest whether Christian Schwenk is entitled to the return of his original investment (or the value of his 5% interest in the business), whether the Natolis have breached their fiduciary duties to plaintiff, whether the Natolis committed deceptive and/or fraudulent tortious acts in the course of selling the investment interest in the LLC to Mr. Schwenk and whether the initial investment by Christian Schwenk was the result of securities laws violations.

4. Jurisdictional Questions

None

5. Pending Motions

There are currently no motions pending.

Plaintiff intends to file a motion for sanctions arising out of the willful failure of two Defendants (Peter and Dennis Natoli) to attend mediation in violation of Magistrate Judge

Hillman's order. Plaintiff is awaiting receipt of the transcript of the hearing before Magistrate Judge Hillman immediately preceding the mediation to attach in support of the motion.

Plaintiff also intends to file a motion in limine for spoliation arising out of the defendants inability to explain financial transactions for which there has been provided no documentary support.

Plaintiff also intends to file a motion to compel further responses to discovery requests. This discovery motion had been deferred for the August 5 mediation.

6. Issues of Law

Whether plaintiff's demand for the return of his investment one year after making the investment is the functional equivalent of a "resignation" as provided under Massachusetts limited liability company law (see MGL c 156C, Section 32); and

Whether defendants breached their common law and statutory fiduciary duties to plaintiff (see e.g., MGL c 156C, Section 63(b)); and

Whether defendants' actions in connection with the sale of the interest in the LLC (MGL c. 156C, Section 38) constituted tortious conduct under MGL c. 231, Section 85J; and

Whether defendants violated relevant securities laws (see e.g., 15 USC Section 78j(b) and the regulations attendant thereto).

7. Requested Amendments to the Pleadings

None at this time

8. Additional Matters

It would be helpful to the parties in the preparation for and trial of this matter if outstanding discovery disputes, and the motion in limine were decided in advance of trial. The parties have deferred much of the immediate trial preparation in anticipation of mediation, and the instant pre-trial conference, which is only 20 days from the date of the mediation. Because of the conclusion of the mediation process conducted pursuant to Judge Magistrate Hillman's order did not result in a settlement, the time in which to efficiently dispose of issues that might reduce the length of the trial has been compressed. It may therefore be of assistance to schedule a further final pre-trial conference once these interim matters have been resolved.

## 9. Length of Trial - Jury vs. Non-Jury

The Plaintiff expects the trial of this matter to be concluded in two-three days, if tried jury waived. A jury trial would take about 5 days.

Plaintiff is willing to try this case jury waived.

## 10. Witnesses

Dennis, Peter and John Natoli, Auburn Sportsplex accountant, Joseph Texiera, Jim Vail, plaintiff's accounting expert who reviewed Auburn Sportsplex records in this action, Nancy Schwenk (all factual).

The Plaintiff reserves the right to supplement and amend this list of witnesses prior to trial.

## 11. Proposed Exhibits

A. Ownership Purchase Agreement

B. LLC formation document

C. Unsigned Operating Agreement

D. Minutes

E. Checking account records (produced by defendants to date)

F. Financial spreadsheets (produced by defendants to date)

G. Initial offering materials describing business plan and projected budget, and cover letter.

H. Appointment of Nancy Schwenk as Administratrix (if necessary)

I. Plaintiff's answers to interrogatories

J. Defendant's responses to request to admit

K. Death certificate (if needed)

L. Defendants Federal and State income tax returns (produced by defendants to date)

M. All deposition exhibits.

N. Letter by Paul Linet on behalf of Plaintiff demanding return of investment.

O. Lease agreement with tenant of Auburn Sportsplex

P. Correspondence between Plaintiff and Natolis

Q. Certification of non-filing of annual statements (if necessary)

R. Pleadings from Worcester Probate Court re One St. Mark Trust (if necessary)

S. Loan documentation from lenders referenced in financial disclosures (if necessary)

T. Bank account records relative to cash transfers between Auburn Sportsplex and Natoli (if necessary)

U. Records of Auburn Sportsplex's accountant (if necessary)

V. Diagrams and photos of Auburn Sportsplex facilities (from website)

W. Such other records as may be necessary for impeachment

The Plaintiff reserves the right to supplement and amend this list of exhibits prior to trial.

          Plaintiff,
          By his attorney,

          /S/    Douglas L. Fox
          Douglas L. Fox, Esq
          BBO#:   176380.
          Shumway, Giguere & Fox, PC
          19 Cedar Street
          Worcester, MA  01609
          (508) 756-2323