UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

C.A. NO.: 05 CV 40071-FDS

```
*************************************)
NANCY SCHWENK, PERSONAL              )
REPRESENTATIVE OF THE ESTATE OF      )
CHRISTIAN SCHWENK,                   )
                Plaintiff,           )
                                     )
v.                                   )
AUBURN SPORTSPLEX, LLC, DENNIS       )
NATOLI, JOHN NATOLI, and PETER       )
NATOLI,                              )
                Defendants.          )
*************************************
```

## DEFENDANTS' PRETRIAL MEMORANDUM

1. Summary of Evidence

The defendants deny all of the plaintiffs' claims in this action. The Court has previously entered summary judgment in the defendants' favor against the plaintiff's allegations of breach of contract and unfair or deceptive trade practices in violation of MGL c. 93A. The evidence will show that Christian Schwenk was an old friend of the Natolis who followed their plans and efforts to develop the Sportsplex for a long time, before he purchased a 5% interest. He was fully informed concerning the project and took the initiative to convince the Natolis to let him buy in. The evidence will show that Peter Natoli convinced his brothers against their initial reluctance to let Schwenk become a member of the LLC. Their concern and hesitation about Schwenk related to various personal and financial difficulties which he had experienced over the years. Schwenk promised to be an active member of the LLC and use his purported connection to secure the endorsement for the Sportsplex of well known professional athletes. The evidence will further show that the defendants kept Schwenk fully informed of the progress and condition of the project and extended cash advances to him, while the project had not yet produced any profits. The evidence will also show that neither Schwenk nor his estate have ever taken acted to resign as a member of the LLC.

2. Statement of Established Facts

Auburn Sportsplex, LLC is a Massachusetts limited liability company which owns an athletic facility in Auburn, Massachusetts. The members of the LLC are John Natoli, Peter Natoli, Dennis Natoli, Joseph Texeira and Jim Vail. Christian Schwenk was a member at the time of his death and his interest in the LLC is owned by his estate. In July, 2003, Christian Schwenk became a member of the LLC, holding 5% of the interest in return for a $100,000 contribution to the capital of company.

3. Contested Issues of Fact

The defendants contest and dispute the plaintiff's allegations that

   a.) Christian Schwenk was a domiciliary of Florida;
   b.) Schwenk's purchase of an interest in the LLC was interstate commerce or otherwise subject to federal securities laws;
   c.) Schwenk's decision to become a member of the LLC was the result of securities laws violation;
   d.) The defendants made any misrepresentations or omissions of fact to Schwenk;
   e.) The defendant had and/or breached any fiduciary obligations to Schwenk;
   f.) Schwenk or his estate have ever resigned or attempted to resign from the LLC
   g.) Schwenk has any actual damages;
   h.) Schwenk is entitled the return of his investment;
   i.) Schwenk is entitled to the value of his 5% interest without formally resigning form the LLC.

4. Jurisdictional Questions

The defendants reserve the right to dispute this Court's jurisdiction on the following grounds:
   a.) There is a factual issue as to Schwenk's state of residence which may negate diversity jurisdiction.
   b.) The defendants deny the plaintiff has any actual damages which may negate diversity jurisdiction.
   c.) The defendants deny that any of the transactions alleged by the plaintiff are subject to federal securities law which may negate federal question jurisdiction.

5. Pending Motions

There are currently no motions pending.

The defendants intend to file a motion for summary judgment regarding the remaining counts, particularly the federal securities count. The defendants also intend to file a motion to amend the answer to the amended complaint.

6. Issues of Law

Whether the transaction alleged in the amended complaint is subject to federal securities laws.

7. Requested Amendments to the Pleadings

The defendants intend to file a motion to amend the answer to the amended complaint.

8. Additional Matters

The defendants submit that that some of the matters on which the plaintiff has proposed motions would be best resolved by further discovery.

9. Length of Trial - Jury vs. Non-Jury

The parties expect the trial of this matter to be concluded in two-three days, if tried jury waived.  A jury trial would take about 5 days.

Defendants are reserving their jury rights.

10.  Witnesses

Dennis, Peter and John Natoli, Auburn Sportsplex accountant, Joseph Texiera, Jim Vail, plaintiff's accounting expert who reviewed Auburn Sportsplex records in this action, Nancy Schwenk (all factual).

The defendants reserve the right to supplement and amend this list of witnesses prior to trial.

11.  Proposed Exhibits

Plaintiffs Exhibits

1. Ownership Purchase Agreement
2. LLC formation document
3. Unsigned Operating Agreement
4. Minutes
5. Checking account records (produced by defendant to date)
6. Financial spreadsheets (produced by defendant to date)
7. Initial offering materials describing business plan and projected budget, and cover letter.
8. Appointment of Nancy Schwenk as Administratrix (if necessary)
9. Plaintiff's Answers to Interrogatories
10. Defendant's Responses to Request for Admission.
11. Death Certificate (if needed)
12. Defendants Federal and State income tax returns (produced by defendants to date)
13. All deposition exhibits
14. Letter by Paul Linet on behalf of Plaintiff demanding return of investment
15. Lease agreement with tenant of Auburn Sportsplex
16. Correspondence between Plaintiff and Natolis
17. Certification of non-filing annual statements (if necessary)
18. Pleadings from Worcester Probate Court re One St. Mark Trust (if necessary)
19. Loan documentation from lenders referenced in financial disclosures (if necessary)
20. Bank account records relative to cash transfers between Auburn Sportsplex and Natoli (if necessary)
21. Records of Auburn Sportsplex's accountant (if necessary)

22. Diagrams and photos of Auburn Sportsplex facilities (from website)
23. Such other records as may be necessary for impeachment.

Plaintiff's Exhibits To Which Defendants Reserve the Right to Object:

A. All deposition exhibits
B. Letter by Paul Linet on behalf of Plaintiff demanding return of investment
C. Correspondence between Plaintiff and Natolis
D. Certification of non-filing annual statements (if necessary)
E. Pleadings from Worcester Probate Court re One St. Mark Trust (if necessary)
F. Such other records as may be necessary for impeachment.
G. Defendant's Responses to Request for Admission.

Additional Exhibits To Be Offered by Defendants

24. Christian Schwenk's driver's license
25. Records of Christian Schwenk's bankruptcy filings
25. Documents from Florida Court's re status of Christian Schwenk's marriage

      The defendants reserve the right to supplement and amend this list of exhibits prior to trial.

By their attorney,

/s/   John J. Regan
John J. Regan, Esq.
BBO# 544720
Dolan & Regan
10 Chestnut Street
Peabody, MA  01960-5404
(978) 538-9500